# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Civil Case No. 09-00022 |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** <br> **RE: MOTIONS TO DISMISS** |
| **LUCKY DRAGON DEVELOPMENT CO., LTD.;** <br> **PACMAX ENTERPRISE CORP.;** <br> **LEGEND STONE CORP., LTD.;** <br> **WANG, CHANG SHENG;** <br> **WANG, RUI YUN;** <br> **SUN, FENG;** and **JOHN DOES 1-10**, | |
| Defendants. | |

Before the court are two motions to dismiss: one filed by defendants WANG, CHANG SHENG; WAN G, RUI YUN, and SUN, FENG ("the Individual Motion") (*see* Docket Nos. 70, 71), and one filed by defendants LUCKY DRAGON DEVELOPMENT CO., LTD., and PACMAX ENTERPRISE CORP. ("the Corporate Motion") (*see* Docket Nos. 73, 74). Since these two motions are nearly identical, the court treats them simultaneously. Having considered all arguments in light of the facts and the law, the court hereby **GRANTS THEM IN PART** (as to the statutory fraudulent transfer counts) and **DENIES THEM IN PART** (as to the common-law fraud count), for the reasons set forth below.

## I. FACTUAL BACKGROUND[1]

### A. The Underlying Consent Judgment

On August 9, 2000, the Government filed a complaint against Ningbo Construction and Industrial Group; Sun and Moon Construction, Inc. ("Sun and Moon"); defendant WANG, CHANG SHENG ("Mr. Wang"); Wang, Yu-Ling; Xu, Xiang Wen; and Evangeline Aguon (collectively, "Labor Defendants") in connection with violations of the Fair Labor Standards Act ("FLSA") ("Labor Case"). Docket No. 1 at ¶10. The Government sought injunctive relief, back wages, and liquidated damages for unpaid overtime wages owed to the Labor Defendants' employees. *Id*.

On September 3, 2004, Mr. Wang, Sun and Moon, and the Government entered into a consent judgment ("the Consent Judgment") in which Mr. Wang, on behalf of himself and as general manager of Sun and Moon, agreed to pay $1,500,000 in back pay to the employees of the Labor Defendants, as well as $120,000 in penalties for violating the FLSA, with post-judgment interest accruing at 5% *per annum*. *Id*. at ¶11.

After the Labor Case began, the Government contends, Mr. Wang voluntarily ceased operations of Sun and Moon, and caused it to become defunct to shield its assets. *Id*. at ¶12. Sun and Moon is now insolvent. *Id*.

### B. Events Since the Consent Judgment

The Government contends that, since the Consent Judgment was entered into, Mr. Wang has been actively secreting assets in an effort to shield them from the Consent Judgment. Thus, the Government contends that:

- corporate Defendants LUCKY DRAGON DEVELOPMENT CO., LTD. ("Lucky Dragon"), PACMAX ENTERPRISE CORP. ("PacMax"), and LEGEND STONE CORP., LTD. ("Legend Stone") (collectively, "Corporate Defendants") are all companies formed and operated by Mr. Wang for the primary purpose of shielding Mr. Wang's "substantial assets" from the Government (Docket No. 1 at ¶13); and

---

[1] This background is drawn from the complaint. At this stage, the court takes Plaintiff's factual allegations as true. *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005).

- Defendants John Does 1 through 10 represent persons or corporations as yet unknown who have assisted or counseled Mr. Wang concerning the fraudulent transfer of assets in furtherance of wrongfully avoiding creditors (*id.* at ¶14); and
- Defendants WANG, RUI YUN ("Mrs. Wang"), SUN, FENG ("Mr. Sun") (collectively, "the Individual Defendants") and John Does 1-10 are straw persons and nominees retaining ownership of Mr. Wang's assets on his behalf (*id.* at ¶15); and
- Mr. Wang transferred assets to Mrs. Wang, Mr. Sun, and John Does 1-10 with the intent to shield assets from the Government (*id.* at ¶16).

The Government also contends that Mr. Wang has breached his contract with the Government by failing to comply with the Consent Judgment, and that he has defrauded the Government by providing false information and misrepresenting his assets in various financial statements. *Id.* at ¶¶17 & 18.

To date, Mr. Wang owes $2,062,074.19 under the Consent Judgment: $1,820,863.81 in principal, with $88,467.76 in interest thereon; and $145,760.75 in penalties, with $6,981.87 in interest thereon. *Id.* at ¶21. Mr. Wang has made "sporadic" payments of $100 per month. *Id.* at ¶22. His last payment was on August 19, 2008, and brought the total amount paid toward satisfaction of the Consent Judgment up to $1,400. *Id.*

## II. PROCEDURAL BACKGROUND

The Government initiated this case on August 27, 2009, by filing its complaint ("the Complaint"). *See* Docket No. 1. The 14-count Complaint alleges that:

1. Lucky Dragon is an alter ego of Mr. Wang (Count I, hereinafter "Count 1");
2. PacMax is an alter ego of Mr. Wang (Count II, hereinafter "Count 2");
3. Legend Stone is an alter ego of Mr. Wang (Count III, hereinafter "Count 3");
4. Lucky Dragon is a nominee of Mr. Wang and Sun and Moon (Count IV, hereinafter "Count 4");
5. PacMax is a nominee of Mr. Wang and Sun and Moon (Count V, hereinafter "Count

| | | |
|---|---|---|
| 1 | | 5"); |
| 2 | 6. | Legend Stone is a nominee of Mr. Wang and Sun and Moon (Count VI, hereinafter |
| 3 | | "Count 6"); |
| 4 | 7. | Mrs. Wang is a nominee of Mr. Wang (Count VII, hereinafter "Count 7"); |
| 5 | 8. | Mr. Sun is a nominee of Mr. Wang (Count VIII, hereinafter "Count 8"); |
| 6 | 9. | John Does 1-10 are nominees of Mr. Wang (Count IX, hereinafter "Count 9"); |
| 7 | 10. | Mr. Wang fraudulently transferred property to Mrs. Wang (designated as another |
| 8 | | Count IX, but hereinafter "Count 10"); |
| 9 | 11. | Mr. Wang fraudulently transferred property to John Does 1-10 (Count X, but |
| 10 | | hereinafter "Count 11"); |
| 11 | 12. | Mr. Wang breached his contract with the Government (Count XI, but hereinafter |
| 12 | | "Count 12"); |
| 13 | 13. | Mr. Wang, in the alternative to Count 12, owes the Government sums due under the |
| 14 | | doctrine of *quantum meruit* (Count XII, but hereinafter "Count 13"); and |
| 15 | 14. | Mr. Wang defrauded the Government (Count XIII, but hereinafter "Count 14"). |

Docket No. 1 at 4:14-19:14.

That same day, the Government filed an *ex parte* motion for a prejudgment writ of attachment, a temporary restraining order, and a preliminary injunction. *See* Docket No. 5; *see also* Docket No. 6 (memorandum in support). The Government also filed an *ex parte* motion for appointment of a receiver. *See* Docket No. 7. On September 3, 2009, the court granted the Government's *ex parte* motion for a temporary restraining order. *See* Docket No. 10.

The Government's remaining *ex parte* motions were served and oppositions allowed. Unsurprisingly, these motions were hotly contested in briefing and a few hearings. *See generally* Docket Nos. 29-91. Ultimately, the parties worked out an agreement that enabled the Government to withdraw all of these motions. *See* Docket Nos. 92 (dissolution of temporary restraining order), 93 (stipulation obviating need for preliminary injunction); *see also* Docket No. 107 (Government's withdrawal of motions for prejudgment writ of attachment and receiver).

On October 1, 2009, the Individual Defendants filed their motion to dismiss. *See* Docket No. 70; *see also* Docket No. 71 (memorandum in support). That same day, Lucky Dragon and PacMax filed their motion to dismiss. *See* Docket No. 73; *see also* Docket No. 74 (memorandum in support). After obtaining an extension of time (*see* Docket No. 96), the Government filed its opposition to the Individual and Corporate Motions on October 19, 2009. *See* Docket No. 97. On November 2, 2009, the Individual Defendants filed their reply. *See* Docket No. 105. Lucky Dragon and PacMax filed their reply that same day. *See* Docket No. 105.

### III. JURISDICTION AND VENUE

The court has jurisdiction over this action because it falls within the class of "civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. Venue is proper in this judicial district, the District of Guam, because a substantial part of the events or omissions giving rise to the claims occurred here. *See* 28 U.S.C. § 1391(b)(2).

### IV. APPLICABLE STANDARDS

The two Motions are based on Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

#### A. Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud be made with particularity. It provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The rule "requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986) (quotation marks omitted). "Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

There are some limitations. For example, Rule 9(b)'s particularity requirement must be read in harmony with Rule 8's requirement of a "short and plain" statement of the claim. *See Sanderson*

*v. HCA–The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006); *Shapiro v. UJB Fin'l Corp.*, 964 F.2d 272, 285 (3rd Cir. 1992). Thus, Rule 9(b)'s particularity requirement is satisfied if the pleading "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Kayport Package Express*, 885 F.2d at 540. Similarly, while the factual circumstances of the fraud itself must be alleged with particularity, the state of mind of the defendants may be alleged generally—"that is, simply by saying that scienter existed." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (*en banc*).

Rule 9(b) applies not only to basic common-law fraud claims but also to claims under anti-fraud statutes. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Section 3304 of Title 28, United States Code, is an anti-fraud statute. *See* 28 U.S.C. § 3304 (entitled "Transfer fraudulent as to a debt to the United States"). Therefore, claims under Section 3304—which are present in this case—must satisfy the requirements of Rule 9(b). *See United States v. Maxwell*, 189 F. Supp. 2d 395, 399-400 (E.D. Va. 2002).

**B.     Rule 12(b)(6)**

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint.

"A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See*

*id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In short, the complaint must allege "enough facts to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is "plausible on its face" when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). If "plaintiffs [do] not nudg[e] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Finally, "[f]ederal pleading standards govern in federal court, even as to state claims." *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1025 (N.D. Cal. 2007) (*citing AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 696 (9th Cir. 1999)).

## V. ANALYSIS

To begin, the court first must try to specify exactly what arguments are presented in the two instant motions. The Individual Motion is fairly clear. It seeks dismissal of Counts 10, 11, and 14. *See* Docket No. 71 at 1:26-2:8. It argues that Counts 10 and 11 must be dismissed for failure to give proper notice, and that Counts 10, 11 and 14 must be dismissed for failure to plead with particularity. *See id.* at 4:3-6:7 (notice) and at 6:10-10:24 (particularity).

The Corporate Motion, by contrast, is somewhat rambling. It appears to seek dismissal of the entire Complaint. *See*, *e.g.*, Docket No. 74 at 3:10-11. However, the actual arguments it makes cannot reasonably be construed as arguments for dismissal *in toto*; they are, at most, arguments for dismissing Counts 10 and 11 for failure to give proper notice, and for dismissing Count 14 for failure to plead with particularity. *See* Docket No. 74 at 3:16-4:4 (notice) and at 4:6-6:10 (particularity). This reading is bolstered by the fact that Counts 10, 11, and 14 are the only ones that the Corporate Motion refers to by content. *See id*. at 2:13-14 ("paragraph 107," which corresponds to Count 10), 2:15-16 ("paragraph 117," which corresponds to Count 11), and 2:16-17 ("paragraph 142," which

corresponds to Count 14). *See also Liang v. Nguyen*, 2009 WL 514073, at *2 (C.D. Cal. Feb. 26, 2009) ("It is not up to the Court to consider every potential defense that might exist in any given case at any given time.").

Thus, the arguments properly before the court are: (1) the fraudulent transfer counts (Counts 10 and 11) must be dismissed, for failure to give proper notice; and (2) all of the fraud counts (Counts 10, 11, and 14) must be dismissed, for failure to plead with particularity.[2] The court takes each argument in turn.

### A. Failure to Give Proper Notice

The first argument is that the two fraudulent transfer counts must be dismissed, for failure to give proper notice. *See* Docket No. 71 at 4:3-6:7; Docket No. 74 3:16-4:4.

The court will pass over this argument. It is "based on the notice requirements of the FDCPA. . . . [and is] inapplicable to filing a new civil complaint." Docket No. 97 at 5:7-10. An argument against prejudgment remedies *requested separately from the complaint* has no bearing on a motion to dismiss the *complaint*. Moreover, the court has dissolved the temporary restraining order and the Government has since withdrawn its application for other prejudgment remedies. *See* Docket Nos. 95, 107. Thus, the first argument is irrelevant and moot.

### B. Failure to Plead Fraud with Particularity

The second argument is that the two fraudulent transfer counts and the common-law fraud count must be dismissed, for failure to plead with particularity. *See* Docket No. 71 at 6:10-10:24; Docket No. 74 at 4:6-6:10.

#### 1. Particularity of Counts 10 and 11, alleging fraudulent transfers

There are two fraudulent transfer counts: one alleging fraudulent transfers by Mr. Wang to Mrs. Wang, and one alleging fraudulent transfers by Mr. Wang to John Does 1-10. *See* Docket No. 1 at 13:11-12; 14:18-19.

---

[2] The Government notes that some language in the two instant motions could be taken as an argument that Count 12 (breach of contract) should also be dismissed. *See* Docket No. 97 at 8:15-16. The Government then goes on to mount a defense of that count. *See id*. at 8:18-10:6. The court does not think that anything in the two instant motions amounts to an argument for dismissal of Count 12. However, the court appreciates the Government's thoroughness.

### i. Count 10, alleging fraudulent transfer to Mrs. Wang

Count 10 alleges that Mr. Wang made fraudulent transfers of property to Mrs. Wang in violation of Section 3304 of Title 28, United States Code. However, it does not identify any *particular* transfers that are alleged to have violated this statute. "Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Kayport Package Express, Inc.*, 885 F.2d at 541. Count 10 does not "state the time, place, and specific content of the false representations" it alleges, so it does not meet the requirements of Rule 9(b). By extension, it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," so it must be dismissed under Rule 12(b)(6). *See Iqbal*, 129 S. Ct. at 1949.

### ii. Count 11, alleging fraudulent transfer to John Does 1-10

Count 11 alleges that Mr. Wang made fraudulent transfers of property to "John Does 1-10" in violation of Section 3304 of Title 28, United States Code. Like Count 10, it does not identify any *particular* transfers that are alleged to have violated this statute. Moreover, it (obviously) does not identify the parties Mr. Wang is supposed to have made these transfers to. Again, "Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Kayport Package Express, Inc.*, 885 F.2d at 541. Count 11 does not "state the time, place, and specific content of the false representations" it alleges, nor does it disclose "the identities of the parties to the misrepresentation." Therefore, it too does not meet the requirements of Rule 9(b). Again, by extension, it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," so it must be dismissed under Rule 12(b)(6). *See Iqbal*, 129 S. Ct. at 1949.

### 2. Particularity of Count 14, alleging common-law fraud

Count 14 alleges that Mr. Wang has defrauded the Government. The elements of a fraud claim are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Hemlani v. Flaherty*, 2003 Guam 17 ¶9 (quoting *Transpacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶23).

This count is adequately alleged. It alleges a number of written and spoken misrepresentations (*e.g.*, Docket No. 1 at ¶¶143-150), knowledge of falsity (*e.g.*, *id*. at ¶154), fraudulent intent (*e.g.*, *id*. at ¶155); reliance[3] (*e.g.*, *id*. at ¶156), and resulting damages (*e.g.*, *id*. at ¶¶156-58). The written misrepresentations are alleged to have occurred on June 6, 2007 and June 30, 2008. *See id*. at ¶¶ 143, 147. The spoken misrepresentations are alleged to have occurred during an unspecified deposition. *See id*. at ¶149. Although the date of the deposition is not given, the court suspects that Mr. Wang has not been deposed by the Government so many times that he cannot recall when the relevant misrepresentations were made. In short, this count "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Kayport Package Express*, 885 F.2d at 540. Therefore, there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," so the claim is adequate under Rule 12(b)(6). *See Iqbal*, 129 S. Ct. at 1949.

## VI. CONCLUSION

For the reasons given above, the two instant motions are hereby **GRANTED PART** (as to the statutory fraudulent transfer counts) and **DENIED IN PART** (as to the common-law fraud count). The Government has leave to amend.[4] It shall file its First Amended Complaint on or before December 21, 2009.

**SO ORDERED**.

**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Dec 11, 2009**

---

[3] Plaintiffs need not plead that their reliance on a defendant's falsehoods was *reasonable*. *See*, *e.g.*, *Midwest Commerce Banking Co. v. Elkhart City Centre*, 4 F.3d 521, 524 (7th Cir. 1993) (Posner, J.); *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985).

[4] *See*, *e.g.*, *United States ex rel. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

Page 10 of 10